Parker C. J.
The only legal inference which can be drawn from the facts reported in this case, is, that the note on which the action is brought was paid at the bank by the principal promisor, whose duty it was to pay it ; so that it became *unctus officio, and incapable of transfer or being in any way the ground of action. It is possible it was paid by Kidder, for whose use this action is brought, but there is no evidence that it was so ; and if so in fact, the presumption, without any evidence to the contrary, is, that he paid it as the agent of the principal promisor. How otherwise should he have contented himself with merely talcing possession of the note and keeping *95 it a year, without any notice or call upon the promisors standing as sureties, or without any attempt to furnish himself with any evidence of transfer from the bank ?
The cases cited in support of the action are altogether of a different character. They show an actual or equitable assignment from the payee to the holders or a payment by some party to the note who stood prior in contract to the party on whom he calls. The law aids such transfers or assignments, but will not assist one who has paid the debt of another and taken up the security, in his claim upon other parties to the note, after the failure of him on whose credit it was paid. Such is the appearance of this transaction. If Kidder paid the balance of the note with his own money, it was undoubtedly at the request of Parker and for his benefit, and probably for the very purpose of discharging his sureties. The plaintiff lay by a year, when Parker having failed, he attempts to revive the note under color of authority from the bank.

Motion to take off nonsuit overruled.